IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MATTHEW JOHNSTON, et al.,** : | CIVIL ACTION NO. 1:05-CV-1518 |
| : | |
| Plaintiffs : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **DAUPHIN BOROUGH, et al.,** : | |
| : | |
| Defendants : | |

## MEMORANDUM

Presently before the court is a motion (Doc. 4) filed by defendants, a Middle Paxton Township Supervisor, and various members of the Dauphin Borough Council and Dauphin Borough Zoning Hearing Board, to dismiss the claims of plaintiffs Matthew Johnston, Neil Focht, and Wayne F. Henry brought pursuant to 42 U.S.C. § 1983 for alleged violations of their Fourteenth Amendment rights. For the reasons that follow, the motion will be granted in part and denied in part.

I.  **Statement of Facts**[1]

Plaintiffs are owners of a single-family home located in the Borough of Dauphin ("Borough"). (Doc. 1 ¶ 20.) On March 5, 2003, plaintiffs applied to the Borough for permits to conduct interior and exterior work on the property, as part of a project to renovate the structure into a multi-family rental property. (Doc. 1

---

[1] In accordance with the standard of review for a motion to dismiss, the court will present the facts as alleged in the complaint. See FED. R. CIV. P. 12(b)(6); Empire Kosher Poultry, Inc. v. United Food & Comm'l Workers Health & Welfare Fund of N.E. Pa., 285 F. Supp. 2d 573, 577 (M.D. Pa. 2003). The statements contained herein reflect neither the findings of the trier of fact nor the opinion of the court as to the reasonableness of the allegations.

¶¶ 21-22, 24.) Defendant Gary Guth ("Guth"), the Manager and Secretary of Dauphin Borough, calculated and accepted from plaintiffs the fee for the exterior permit, and granted a permit for exterior renovations. (Doc. 1 ¶ 24.) Guth advised plaintiffs that they needed a special exception or variance for the interior work, and, hence, a permit could not be granted until the application was considered by the Borough's Zoning Hearing Board. (Doc. 1 ¶ 24.) Following Guth's advice, plaintiffs submitted an application for a special exception or variance to undertake the interior renovations. (Doc. 1 ¶ 24.) Guth told plaintiffs that they were not required to pay the fee at that time because it could not be calculated until after the Zoning Hearing Board reviewed the matter. (Doc. 1 ¶¶ 25-26.)

Over the next month and a half plaintiffs telephoned Guth to inquire when the Zoning Hearing Board would meet to consider their application for the interior renovations. (Doc. 1 ¶ 27.) Guth relayed that he would schedule the hearing when he could coordinate plaintiffs' application with others in need of a hearing. (Doc. 1 ¶ 28.) According to plaintiffs, the Borough Municipal Planning Code requires that hearings on applications for special exceptions and variances be held within sixty days of application, or the application is deemed approved. (Doc. 1 ¶¶ 30, 34.) A hearing on plaintiffs' application was never held and, on May 7, 2003, sixty-three days after the application was filed, Guth issued to plaintiffs a permit for the interior renovations. (Doc. 1 ¶¶ 30, 31, 33.)

Plaintiffs began renovating the interior of their property immediately upon receipt of the permit. (Doc. 1 ¶¶ 35, 36.) Over the next three months defendant-

neighbors—an employee of Middle Paxton Township and various members of the Borough Zoning Hearing Board—"threatened and harassed" plaintiffs, and stated that the property would never be converted to a multi-family unit. (Doc. 1 ¶ 37.) On August 1, 2003, after the renovations were substantially completed, the Borough sent a letter to plaintiffs, purportedly at the direction of these neighbors, directing plaintiffs to cease and desist all interior work. (Doc. 1 ¶¶ 38, 39.)

Plaintiffs complied with the cease and desist letter, and requested a hearing on the matter. (Doc. 1 ¶¶ 41, 45.) On August 28, 2003, plaintiffs met with the Borough and, following the meeting, again requested a hearing. (Doc. 1 ¶ 46.) The Borough never held an open hearing, but purportedly held a closed-door, executive session and, on September 9, 2003, revoked plaintiffs' interior permit for failing to pay the applicable filing fee. (Doc. 1 ¶ 48.)

The instant action was commenced on July 29, 2005. (See Doc. 1.) The complaint alleges that defendant-neighbors unlawfully interfered with plaintiffs' renovations and induced the Borough to issue the cease and desist letter. (Doc. 1 ¶ 42.) It also avers that the cease and desist letter is vague and fails to comply with Pennsylvania statutes. (Doc. 1 ¶ 50.) The complaint alleges that members of the Borough Council violated plaintiffs' Fourteenth Amendment procedural due process rights by failing to schedule a hearing on the matter as required by Pennsylvania statute (Doc. 1 ¶¶ 52, 54, 55), that the defendants violated plaintiffs' substantive due process rights by acting "recklessly and with callous disregard" because Guth informed plaintiffs that they did not have to pay the filing fee at the

time that the application was filed (Doc. 1 ¶ 56), and that the defendants violated plaintiffs' equal protection rights by revoking and invalidating the permit (Doc. 1 ¶¶ 61-65). The complaint also sets forth a state law claim for "willful misconduct," purportedly pursuant to 42 PA. CON. STAT. ANN. § 8550.

The instant motion to dismiss argues that the complaint fails to state a Fourteenth Amendment claim. (Doc. 5 at 5-8.) The motion avers that the individual board members are entitled to absolute quasi-judicial immunity, that claims against the defendants in their official capacities must be dismissed, and that the defendants are otherwise entitled to qualified immunity. (See Doc. 5.) Finally, it argues that Pennsylvania's Political Subdivision Tort Claims Act, 42 PA. CON. STAT. §§ 8541-8550, immunizes defendants from plaintiffs' claim of willful misconduct. (See Doc. 5.) The motion has been fully briefed and is now ripe for disposition.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of claims that fail to assert a basis upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In the context of a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). Although the court is generally limited in its review to the face of the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items

appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice pleading rules do not require plaintiffs to allege affirmatively every aspect of their claims, but only to present sufficient facts to allow the opposing party to conduct discovery and prepare a defense. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Thus, courts should not dismiss a complaint for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id.; see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). Under this liberal pleading policy, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

### III.   Discussion

#### A.   Absolute Immunity

Judicial immunity is an absolute immunity from all claims relating to the exercise of judicial functions. Antoine v. Byers & Anderson, 508 U.S. 429, 433 n.8 (1993). This immunity has been extended to officials who are not judges but who perform quasi-judicial functions. See Bass v. Attardi, 868 F.2d 45, 49-50 (3d Cir. 1989). At the municipal level, Pennsylvania zoning hearing officers are entitled to

absolute immunity if their alleged conduct occurred within their quasi-judicial functions.  See Lonzetta Trucking & Excavating Co. v. Schan, 144 F. App'x 206, 211-12 (3d Cir. 2005); see also Windsor Jewels of Pa., Inc. v. Bristol, No. 01-CV-553, 2005 WL 331703, at *3 (E.D. Pa. Feb. 10, 2005); Ryan v. Lower Merion Twp., 205 F. Supp. 2d 434, 439 (E.D. Pa. 2002).  Similarly, borough council members are immune from suit for legislative-type actions.  See Donivan v. Dallastown Borough, 835 F.2d 486, 487-88 (3d Cir. 1987).

In the instant matter, it is unclear which defendants are members of the defendant Zoning Hearing Board, and whether these defendants acted outside of their authority in revoking the permit at issue.  See Lonzetta Trucking & Excavating Co. v. Hazle Twp. Zoning Bd., No. 04-CV-02-0018, 2005 WL 3277996, at *3-4 (M.D. Pa. Dec. 3, 2005).  Moreover, the complaint alleges that defendants acted in an *executive* capacity.  See Donivan, 835 F.2d at 487-88 (holding that members were not immune where alleged actions were outside of the legislative functions); Carver v. Foerster, 102 F.3d 96, 101 (3d Cir. 1996) ("[A]n official's executive or administrative actions are seperable from actions taken in a legislative capacity.") Construing the complaint in the best light to non-moving plaintiffs, the court will deny, without prejudice, defendants' motion to dismiss on the basis of absolute immunity.

**B.    Official Capacity Claims**

Defendants argue that suit against them in their official capacities is redundant to suit against the municipality.  The court agrees.  A judgment against

6

an official in his or her official capacity is a judgment against the entity that the official represents.  See Brandon v. Holt, 469 U.S. 464, 471 (1985); Monell v. Dep't of Soc. Serv. of City of New York, 436 U.S. 658, 690 (1978) (stating that official capacity suits "represent only another way of pleading an action against an entity of which an officer is an agent"); Gregory v. Chehi, 843 F.2d 111, 120 (3d Cir. 1988) (stating that claims against defendants in their official capacities "are only a duplication of the counts asserted against the [municipality] itself").  Hence, claims against an official in his or her official capacity are redundant and should be dismissed.  See Crane v. Cumberland County, Pa., No. 99-CV-1798, 2000 WL 34567277, at *3 (M.D. Pa. June 16, 2000), aff'd 64 F. App'x 838 (3d Cir. 2003); Williams v. Lower Merion Tonwship, No. 94-CV-6863, 1995 WL 461246, at *3 (E.D. Pa. Aug. 2, 1995); Yaw v. N. Wales Police Dep't, No. 92-1736, 1992 WL 172590, at *4 (E.D. Pa. July 13, 1992); see also Brown v. Grabowski, 922 F.2d 1097, 1105 (3d Cir. 1990) (stating that municipality is "real party in interest" with respect to claims against police chief in official capacity); Melvin v. Nickolopoulos, 864 F.2d 301, 305 (3d Cir. 1988) (noting the "nominal difference" between naming as defendants the parole board and members of the parole board in their official capacities); cf. Greggory v. Chehi, 843 F.2d 111, 120 (3d Cir. 1988) ("Punitive damages cannot be recovered from defendants in their official capacities."); Ellis v. Horn, 37 F. App'x 38, 39 (3d Cir. 2002) (same).  Accordingly, all claims against the individual defendants in their official capacities will be dismissed.

## C. Constitutional Claims

Section 1983 of Title 42 of the United States Code offers private citizens a means to redress violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Id. Section 1983 is not a source of substantive rights, but merely a method to vindicate violations of federal law committed by state actors. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To establish a claim under this section, the plaintiff must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Satisfaction of these elements, however, does not guarantee recovery. Certain officials, including police officers and other state actors who perform "discretionary functions," are shielded from suit if their conduct did not violate a "clearly established statutory or constitutional right[] of which a reasonable person would have known." Saucier v. Katz, 533 U.S. 194, 200-01 (2001); Wilson v. Layne, 526 U.S. 603, 609 (1999). This doctrine, known as "qualified immunity," provides not only a defense to liability, but "immunity from suit." Hunter v. Bryant, 502 U.S. 224, 227 (1991); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). To gain the protection

of the doctrine, the defendant must show either (1) that the plaintiff has not demonstrated "a deprivation of an actual constitutional right" or (2) that the right at issue was not "clearly established at the time of the alleged violation." Conn v. Gabbert, 526 U.S. 286, 290 (1999); see Kopec v. Tate, 361 F.3d 772, 775-76 (3d Cir. 2004).

In the instant matter, it is undisputed that the alleged actions of defendants were "under color of state law" and hence potentially subject to § 1983 liability. Accordingly, the court will examine each claim to determine whether it avers the deprivation of a constitutional right and, if so, whether the right at issue was clearly established.

### 1. Procedural Due Process

The procedural facet of the Due Process Clause requires that states offer adequate means by which individuals may challenge municipal deprivations of property rights. Abbott v. Latshaw, 164 F.3d 141, 146-47 (3d Cir. 1998); McDaniels v. Flick, 59 F.3d 446, 453-54 (3d Cir. 1995); see also U.S. CONST. amend. XIV, § 1. This standard does not obligate states to provide a full evidentiary hearing in advance of every administrative decision. DeBlasio v. Zoning Bd. of Adjustment, 53 F.3d 592, 596-97 (3d Cir. 1995). Rather, they must establish "reasonable remedies to rectify a legal error by a local administrative body." Cohen v. City of Phila., 736 F.2d 81, 86 (3d Cir. 1984), quoted with approval in Khodara Envtl., Inc. ex rel. Eagle Envtl. L.P. v. Beckman, 237 F.3d 186, 197 (3d Cir. 2001). "When a state affords a full judicial mechanism with which to challenge an administrative decision, the state provides

9

adequate due process, *whether or not the plaintiff avails himself or herself of the provided appeal mechanism*." Boudwin v. Great Bend Twp., 921 F. Supp. 1326, 1329 (M.D. Pa. 1996); see also DeBlasio, 53 F.3d at 596-97.

In the matter *sub judice*, the complaint alleges that defendants' abridged plaintiffs' property rights in their zoning permit.[2]  See Ind. Enter., Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1179 n.12 (3d Cir. 1997) (noting property interest in zoning permits).  Construed liberally, it also alleges that the defendants ignored plaintiffs' repeated requests for an appeal of this matter, essentially denying review of the Zoning Hearing Board's decision.  As such, the pleading arguably sets forth a justiciable controversy.  See Lauderbaugh v. Hopewell Township, 319 F.3d 568, 575 (3d Cir. 2003).  Because this right was clearly established at the time of the alleged actions, see id., qualified immunity will not shield defendants from suit at this juncture.  Accordingly, the motion to dismiss this claim will be denied.

### 2. Substantive Due Process

The substantive protections of the Due Process Clause apply in an extremely narrow range of circumstances, when the conduct at issue is so irrational as to "shock the conscience."  United Artists Theatre Circuit, Inc. v. Twp. of Warrington,

---

[2]  It is unclear from face of complaint whether plaintiffs attempted to belatedly pay the filing fee, or even reapplied, for the permit.  See Taylor Inv., Ltd. v. Upper Darby Twp., 983 F.2d 1285, 1289 (3d Cir. 1993) (dismissing as unripe constitutional challenge to revocation of use permit where plaintiff did not reapply, appeal, or seek variance); see also Lauderbaugh v. Hopewell Twp., 319 F.3d 568, 573-575 (3d Cir. 2003) (discussing ripeness of land use claims).

316 F.3d 392, 402 (3d Cir. 2003) (citing County of Sacramento v. Lewis, 523 U.S. 833, 844-45 (1998)). Importantly, the Clause does not target government actions that are merely taken for an "improper purpose" or in "bad faith." See id. at 400-02; Corneal v. Jackson Twp., 313 F. Supp. 2d 457, 465-66 (M.D. Pa. 2003), aff'd, 94 F. App'x. 76 (3d Cir. 2004). Rather, it constrains only those activities that have *no reasonable relation* to legitimate government objectives. Id. As long as a valid purpose plausibly underlies the decision, a substantive due process claim will not lie. Id. ("[U]nless the evidence indicates that the challenged decision is completely unrelated in any way to a rational land use goal, there is no violation of substantive due process.")

In the instant case, the complaint avers that plaintiffs' permit was revoked, without a hearing and in violation of a state statute, for failure to pay the filing fee. The court finds that these facts are not so "shocking" as to constitute a violation of the substantive due process clause. See Lindquist v. Buckingham Twp., 106 F. App'x 768, 774 (3d Cir. 2004) ("[W]ithout more, even a bad faith violation of state law

will not support a substantive due process claim in a land-use dispute.").[3]

Accordingly, the motion to dismiss this claim will be granted.

### 3. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment ensures that individuals will not be "intentionally treated differently from others similarly situated" in the absence of a "rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam). Violations need not be based on actions motivated by racial or class animus, but may be established by proof that officials "intentionally treated [some persons] differently from others similarly situated" and "that there is no rational basis for the difference in treatment." Olech, 528 U.S. at 564; accord Snowden v. Hughes, 321 U.S. 1, 8 (1944); cf. Esmail v. Macrane, 53 F.3d 176, 179-80 (7th Cir. 1995) ("[N]either in terms nor in

---

[3] See also Eichenlaub v. Twp. of Indiana, 385 F.3d 274, 286 (3d Cir. 2004) (holding that council's application of subdivision requirements to property where not applied to other parcels, unannounced and unnecessary inspection and enforcement actions, delay in approving permit, improperly increasing tax assessments, and "malign[ing] and muzzl[ing]" not sufficiently shocking for substantive due process claim); Blain v. Twp. of Radnor, 167 F. App'x 330, 333-34 (3d Cir. 2006) (holding that council's frivolous of appeal of decision, threat of condemnation, conflict of interest, and improper denial of subdivision plan did not arise to level of substantive due process claim); Maple Prop., Inc. v. Twp. of Upper Providence, 151 F. App'x 174, 179-80 (3d Cir. 2005) (holding that enactment of zoning ordinance selectively targeting parcel to preclude development was not substantive due process claim); Thornbury Noble, Ltd. v. Thornbury Twp., 112 F. App'x 185, 1888 (3d Cir. 2004) (holding that rezoning over plaintiff's request and at request of another applicant in exchange for $600,000 contribution to township did not shock conscience); Levin v. Upper Makefiled Twp., 90 F. App'x 653, (3d Cir. 2004) (holding that misrepresenting policies concerning floodplain and policy to prevent building, engaging in *ex parte* communications, and delaying issuance of building permits not conscious shocking for substantive due process claim).

interpretation is the [Equal Protection Clause] limited to protecting members of identifiable groups."). The size of the group targeted for discrimination is "immaterial for equal protection analysis." Olech, 528 U.S. at 564. Thus, a single individual subjected to unequal enforcement of the laws may maintain a § 1983 claim as a "class of one." Id. at 564. See generally Hortensia S. Carreira, Protecting the "Class of One," 36 REAL PROP. PROB. & TR. J. 331 (2001).

In this case, the complaint does not allege that plaintiffs were treated any differently from any others in their situation. The pleading does not set forth sufficient facts for a *prima facia* equal protection claim, and the motion to dismiss this claim will be granted.

### D.   State Law Claims

Count IV of the complaint alleges that defendants' actions constituted "willful misconduct" in derogation of Pennsylvania law. However, the pleading does not set forth a theory of recovery, and cites only to 42 PA. CON. STAT. ANN § 8550, a statute carving out exceptions to governmental immunity. See, e.g., Robbins v. Cumberland County Children & Youth Serv., 802 A.2d 1239, 1252-53 (Pa. Commw. Ct. 2002). Accordingly, the motion to dismiss this claim will be granted.

## IV.   Conclusion

Because a suit against an individual in his or her official capacity is a suit against the governing authority itself, defendants' motion to dismiss claims against defendants in their official capacities will be granted. The amended complaint does not set forth facts sufficient for Fourteenth Amendment substantive due process or

equal protection violations, and the motion to dismiss will be granted with respect to these claims.  Finally, as "willful misconduct" is not an independent cause of action, this claim will also be dismissed.  Defendants' motion to dismiss will otherwise be denied.

    An appropriate order will issue.

                                       S/ Christopher C. Conner
                                      CHRISTOPHER C. CONNER
                                      United States District Judge

Dated: May 22, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MATTHEW JOHNSTON**, et al., | : | CIVIL ACTION NO. 1:05-CV-1518 |
| | : | |
| **Plaintiffs** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **DAUPHIN BOROUGH**, et al., | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 22nd day of May, 2006, upon consideration of defendants' motion (Doc. 4) to dismiss, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion to dismiss (Doc. 4) is GRANTED with respect to claims against defendants' in their official capacities, with respect to Fourteenth Amendment substantive due process and equal protection claims, and with respect to state law claims for "willful misconduct."

2. Plaintiff shall be permitted to file, on or before June 2, 2006, an amended complaint <u>setting forth with specificity the facts and legal theories</u> supporting any substantive due process, equal protection, or state law claims.  <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002).  In the absence of a timely filed amended complaint, the matter shall proceed on the remaining Fourteenth Amendment procedural due process claim.

3. The motion to dismiss (Doc. 4) is otherwise DENIED.

      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge